**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4146**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LADRALE ANTONIO PUTNEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:21-cr-00056-EWH-LRL-1)

_____

Submitted:  October 22, 2024                           Decided:  October 25, 2024

_____

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Mark Bodner, Fairfax, Virginia, for Appellant.  Jacqueline Romy Bechara, Alexandria, Virginia, Peter Gail Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladrale Antonio Putney appeals his convictions and the 240-month sentence imposed following his guilty plea to possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Putney's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court properly denied Putney's motion to suppress. Although notified of his right to do so, Putney has not filed a pro se supplemental brief. The Government now moves to dismiss the appeal as barred by the appeal waiver included in Putney's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

Initially, Putney's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994); *see also United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that defendant's valid appeal waiver did not preclude claim that plea lacked sufficient factual basis). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Putney did not preserve any claim

2

of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Based on our review of the record, we conclude that Putney's guilty plea was knowing, voluntary, and supported by an independent basis in fact. For this reason, and because Putney's plea agreement did not reserve the right to challenge the district court's suppression ruling, we conclude that Putney has waived his suppression argument. *See United States v. Buster*, 26 F.4th 627, 631 (4th Cir. 2022) (explaining that a guilty plea, if valid and unconditional, "waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea" (internal quotation marks omitted)). We therefore affirm Putney's convictions.

Next, we review the validity of Putney's appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agrees to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

3

Our review of the record confirms that Putney knowingly and intelligently executed the appeal waiver, the terms of which preclude Putney from appealing his convictions and whatever sentence the district court imposed. Thus, we conclude that the waiver precludes Putney from raising any issue that falls within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Putney, in writing, of the right to petition the Supreme Court of the United States for further review. If Putney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Putney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4